[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12225

Non-Argument Calendar

_____

BERNADETTE DENISE DICKERSON,

Plaintiff-Appellant,

*versus*

KOCH FOODS, LLC,
KOCH FOODS OF ALABAMA, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00163-ECM-KFP

2                    Opinion of the Court                    24-12225

_____

Before GRANT, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Bernadette Dickerson appeals the denial of her Rule 60 motion for relief from judgment based on fraud.[1]  She has also filed a motion seeking the disbarment of Rachel Barlotta, counsel for the opposing parties, and a motion for relief from alleged harassment by the appellees and their counsel.  We affirm the denial of Dickerson's Rule 60(b) motion, and we deny the motions for disbarment and relief from harassment.

We review for abuse of discretion the denial of a Rule 60 motion to set aside a judgment based on fraud or misconduct of an opposing party or based on fraud on the court.  *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007); *see Booker v. Dugger*, 825 F.2d 281, 282 n.1, 285 (11th Cir. 1987); Fed. R. Civ. P. 60(b)(3), (d)(3).  A Rule 60(b)(3) motion for relief from a judgment based on fraud or misconduct by an opposing party must be filed

---

[1] To the extent that Dickerson challenges the district court's July 21, 2022, judgment and July 8, 2024, order, we reject those arguments because (1) we affirmed the July 21, 2022, judgment in a previous appeal, and (2) Dickerson's current notice of appeal does not encompass the July 8, 2024, order.  *Dickerson v. Koch Foods, LLC*, No. 22-12434, 2023 WL 5348897 (11th Cir. Aug. 21, 2023), *cert. denied*, 144 S. Ct. 2687 (2024); *see United States v. Schwarzbaum*, 127 F.4th 259, 287 (11th Cir. 2025); Fed. R. App. P. 3(c).  Dickerson's separate appeal from the July 8, 2024, order (this Court's appeal no. 24-12226) has been dismissed for want of prosecution.

within one year after the entry of the district court's judgment. Fed. R. Civ. P. 60(c)(1).  The one-year time limit does not apply to a motion to set aside a judgment for fraud on the court pursuant to Rule 60(d)(3).  *Mills v. Comm'r, Alabama Dep't of Corr.*, 102 F.4th 1235, 1239 (11th Cir.), *cert. denied sub nom. Mills v. Hamm*, 144 S. Ct. 2600 (2024).  But a movant who seeks relief from a judgment under Rule 60(d)(3) must prove fraud on the court by clear and convincing evidence.  *Id.*

In her Rule 60 motion, Dickerson argued that the summary judgment in her employment discrimination case was based on "200+ pages of fraudulent evidence" submitted by opposing counsel.  In support of this argument, Dickerson stated that the "evidence presented never happened" and claimed that several documents she viewed at her deposition were "fraudulent and written in the same penmanship with the same pen."  She attached documents from the employment discrimination case, including her own handwritten statement alleging sexual harassment by her supervisor, an Equal Employment Opportunity Commission notice of her discrimination charge, and documentation showing that she was warned by her employer and later fired for making a false sexual harassment claim.

The district court did not abuse its discretion in denying Dickerson's Rule 60 motion for relief from judgment.  To the extent that Dickerson requested relief under Rule 60(b)(3), her motion was untimely because it was filed nearly two years after the district court entered summary judgment.  *See* Fed. R. Civ. P.

60(c)(1).  And although the one-year time limit does not apply to Dickerson's motion for relief based on fraud on the court, her vague and unsubstantiated claim that the judgment was based on fraudulent documents does not meet her burden of proving fraud on the court by clear and convincing evidence.  *See Mills*, 102 F.4th at 1239.

In her motions filed in this Court, Dickerson makes a litany of allegations against the appellees and their counsel—including that counsel hacked her phone, computer, and video doorbell; broke into her home and vehicle; "set [her] up with some federal crimes, so [she] could go to prison"; poisoned her food and somehow persuaded a nurse in the hospital to try to kill her; interfered with her employment opportunities; attempted to murder her several times; and told the Court "a thousand lies."  Despite providing absolutely no proof to support these serious allegations, Dickerson requests that we remove counsel from this Court's bar and order other unspecified relief to prohibit further misconduct.  We **DENY** the motions without further discussion.

**AFFIRMED.**